24-810
*Valentino S.p.A. v. Mrinalini, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.    CITATION TO A SUM-
MARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FED-
ERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.    WHEN
CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE
EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER").    A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges,*

---

VALENTINO S.P.A., AN ITALIAN CORPORATION,

>Plaintiff-Appellee,

v.                                                            24-810

MRINALINI INC, A DELAWARE CORPORATION,

>Defendant-Appellant.

---

| For Defendant-Appellant: | JON ROBERT STEIGER (Andrew M. Grove, *on the brief*), Howard & Howard Attorneys PLLC, Royal Oak, MI. |
| --- | --- |
| For Defendants-Appellees: | NAOMI BIRBACH (Jordan Bock, Alexandra Valenti, Aaron Shawn Thompson, Jenevieve N. Nutovits, *on the brief*), Goodwin Proctor LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of

New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mrinalini, Inc., appeals from a judgment entered by the United States District Court for the Southern District of New York (Vyskocil, *J.*) on February 26, 2024, confirming a foreign arbitral award pursuant to Article V of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") and refusing to stay enforcement of the award. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

We review a district court's decision to confirm an arbitration award *de novo* when it rests on legal questions and for clear error where it rests on factual findings. *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 408 (2d Cir. 2009); *VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013). On appeal, Mrinalini contends that the district court erred in confirming the award because it has a pending appeal before the Milan Court of Appeals and because the arbitral award addressed matters beyond the scope of the terms of submission to arbitration. We disagree.

Our review of arbitration awards is limited "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)), *cert. denied*, 143 S. Ct. 786, 215 L. Ed. 2d 52 (2023); *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). Accordingly, we will enforce an arbitral

award unless one of the grounds of refusal in Article V of the New York Convention is met. 9 U.S.C. § 207; *Encyclopaedia*, 403 F.3d at 90. As relevant here, we may refuse to enforce an award where it "has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." New York Convention art. V(1)(e), June 10, 1958, 330 U.N.T.S. 3, *implemented by* 9 U.S.C. § 201 *et seq*. We may also refuse confirmation where "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration." *Id.* art. V(1)(c). The party opposing arbitration carries the heavy burden of proving a defense applies. *Encyclopaedia*, 403 F.3d at 90.

I. **Effect of Pending Appeal Under Article V(1)(e)**

The district properly rejected Mrinalini's challenge to enforcement under Article V(1)(e) of the New York Convention. The award issued by the arbitrator in Milan was final, resolving the contractual, copyright, and other intellectual property claims between Mrinalini and Valentino. That Mrinalini's appeal is still pending before the Milan Court of Appeals does not render the award unenforceable or negate its binding effect. *See Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 316–17 (2d Cir. 1998); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, No. 22-832, 2023 WL 2961739, at *1 (2d Cir. Apr. 17, 2023) (summary order) (affirming confirmation of award despite pending appeal). The Milan Court of Appeals explicitly confirmed the enforceability of the award by refusing to provisionally suspend its effect pending its decision. Mrinalini therefore has not met the heavy burden of proving the Article V(1)(e) defense applies.[1]

---

[1] Even though the award was binding on the parties, the district court had discretion to stay enforcement of the award pending the outcome of the appeal. New York Convention art. VI (explaining a

3

## II. Terms of Submission to Arbitration

In challenging the award as beyond the terms of submission to arbitration, Mrinalini challenges the district court's determination that the parties delegated arbitrability to the arbitrator.[2] We agree with the district court that the parties' contract designated questions of arbitrability to the arbitrator in Milan. *See Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 191 (2d Cir. 2019); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Mrinalini and Valentino's Agreement provided that "[a]ny dispute that may arise connected to the Agreement as well as associated or connected to its . . . interpretation" would be sent to arbitration, governed by the "Rules of the Milan Chamber of Arbitration." J.S.A. 162. Based on our caselaw interpreting nearly identical language, we conclude that this text delegated arbitrability to the arbitrator. *See, e.g.*, *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) ("The words 'any and all' are elastic enough to encompass disputes over . . . whether a claim is within the scope of arbitration."); *Bell v. Cendant Corp.*, 293 F.3d 563, 565, 568 (2d Cir. 2002) (finding language requiring

---

court "may, if it considers it proper, adjourn the decision on the enforcement of the award" where "an application for the setting aside or suspension of the award has been made" to the country which created the arbitral award); *Europcar*, 156 F.3d at 316–17. The district court incorrectly concluded that Mrinalini's arguments for adjournment were "mooted" by the refusal of the Milan Court of Appeals to suspend the award pending the underlying appeal. *Valentino S.p.A. v. Mrinalini, Inc.*, No. 23-CV-2319, 2024 WL 779339, at *6 (S.D.N.Y. Feb. 26, 2024). It seemingly ignored the fact that Mrinalini's motion to set aside the award is still pending before the Milan Court of Appeals. The pendency of that appeal may still warrant a stay under Article VI even if it does not qualify as a defense to confirmation under Article V(1)(e). Nevertheless, Mrinalini has forfeited any challenge to this error. Its brief on appeal references arguments it made to the district court but does not provide further analysis, and "[i]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (citation omitted).

[2] Mrinalini did not characterize this objection under any provision of Article V. This is a "serious lapse." *Commodities*, 49 F.4th at 815. When faced with this same briefing deficiency at the district court, Judge Vyskocil construed this argument as falling within Article V(1)(c), a choice that Mrinalini does not contest on appeal. We thus analyze it assuming *arguendo* it falls under that enumerated defense. *See id.*

arbitration for "[a]ny controversy arising in connection with or relating to this Agreement" "clearly and unmistakably evidences the parties' intention to have the arbitrator determine" the scope of the arbitration clause); *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 318 (2d Cir. 2021) (concluding incorporation of procedural rules of arbitration "may serve 'as clear and unmistakable evidence of the parties' intent to delegate arbitrability to an arbitrator.'" (quoting *Contec Corp. v. Remote Sol. Co.*, 398 F.3d 205, 208 (2d Cir. 2005)).

Because the parties assigned arbitrability to the arbitrator, our review of the award is "extremely deferential." *Olin Holdings Ltd. v. State of Libya*, 73 F.4th 92, 108 (2d Cir. 2023) (quoting *Commodities*, 49 F.4th at 809). "Regarding Article V(1)(c) challenges specifically, we have recognized that the defense 'does not sanction second-guessing the arbitrator's construction of the parties' agreement.'" *Id.* (quoting *Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier (RAKTA)*, 508 F.2d 969, 977 (2d Cir. 1974)). We accordingly will affirm the award where there is a "barely colorable justification for the outcome reached." *Id.* (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

Upon review, there is more than the requisite "barely colorable justification" for the outcome the arbitrator reached. *Banco*, 344 F.3d at 260. In ruling on the scope of arbitration, the arbitrator outlined the parties' submissions, detailed relevant Italian law, and made conclusions based on a rational application of law to facts. Its extensive reasoning was more than sufficient to confirm the award as addressing a matter "within the terms of the submission to arbitration." New York Convention art. V(1)(c); *Olin*, 73 F.4th at 109 (affirming rejection of Article V(1)(c) objection because the arbitrator analyzed the meaning of the contract, reviewed the facts of the dispute, and made judgment calls evincing a rational interpretation of contract language).

\* \* \*

5

We have considered Mrinalini's remaining arguments and find them to be without merit.[3]

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We decline to consider Mrinalini's contractual challenges to the validity of Agreement, as it failed to cite to the relevant legal authority governing the agreement, Italian law. *See Generali Espana de Seguros y Reaseguros, S.A. v. Speedier Shipping, Inc.*, No. 22-1150, 2023 WL 3362839, at *2 (2d Cir. May 11, 2023) (summary order).